**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**HARD ROCK CAFÉ INTERNATIONAL
(USA), INC.,**

        **Plaintiff,**

**-vs-**                                         **Case No. 6:11-cv-1554-Orl-31DAB**

**AMERICAN HORSE, LLC and MICKI
FREE,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on Plaintiff's Response (Doc. No. 35) to the Court's Order to Show Cause (Doc. No. 34), and on the following motions filed herein:

> **MOTION:**    **MOTION TO REMAND (Doc. No. 12)**
>
> **FILED:**       **October 4, 2011**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

> **MOTION:**    **MOTION TO DISMISS COUNT I OF COUNTERCLAIM
> (Doc. No. 31)**
>
> **FILED:**       **November 21, 2011**
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED** as moot.

As set forth in the Order to Show Cause, on August 12, 2011, Plaintiff, Hard Rock Café International (USA), Inc. ("Hard Rock") filed a Complaint in this Court against American Horse, LLC

and Micki Free ("Defendants"), regarding Hard Rock's use of certain designs and seeking declaratory relief in two counts: (1) invalidity/non-infringement of trademark, and (2) invalidity/noninfringement of copyright. *Hard Rock Café International (USA), Inc. v. American Horse, LLC, et al.*, Case No. 6:11-CV-01340-JA-DAB, (Doc. No. 1 in that case, herein "the trademark/copyright case"). That same day, Plaintiff filed the instant action for declaratory relief under state law, in state court (Doc. Nos. 1 and 2). The state court Complaint pleads five counts for Declaratory Relief: (1) Written License; (2) Implied License; (3) Acquiescence; (4) Estoppel; and (5) Rights of Publicity. As admitted by Plaintiff in its Motion to Remand, the state court complaint involves the same purportedly copyrighted and/or trademarked material. For all but one of the counts, Plaintiff seeks a declaration that its sale of certain items incorporating the disputed design is permissive and "in no way - infringes or abridges any of the claimed rights asserted by Defendants." (Doc. No. 2).

Defendants removed the state court action to this Court, and Plaintiff has moved to remand. Defendants have filed a response, and Defendants have sought, unsuccessfully to date, to consolidate the two actions currently pending in this Court.

Upon initial review, the Court noted that Plaintiff appeared to be impermissibly splitting its claim, and issued an Order to Show Cause why Plaintiff should not be required to elect which action it wished to pursue and whether it wished to file an amended complaint (Doc. No. 34). Plaintiff has filed a response (Doc. No. 35), acknowledging the general rule that Plaintiff may not split a claim relating to the same transaction or occurrence, but indicating that this case falls within an exception to that general rule. Alternatively, Plaintiff advises that it elects to proceed in the instant case, rather than the trademark/copyright case. Plaintiff further advises that it "would agree to a stay of the [trademark/copyright] Action in favor of adjudication of the claims in the Removed Action". Plaintiff states that, alternatively, it would be willing to voluntarily dismiss the trademark/copyright action, but notes that Defendants have filed counterclaims. *Id.*

-2-

For the reasons set forth herein, the Court finds Plaintiff has impermissibly split the cause of action. In view of the pendency of the counterclaims and Plaintiff's acknowledgment that jurisdiction over the copyright claims is exclusively federal (Doc. No. 35 at p. 3), the Court **respectfully recommends** that the motion for remand be **denied,** the two cases be **consolidated** with the trademark/copyright low numbered case being the lead case**,** and Plaintiff be directed to file an Amended Complaint in that case, setting forth any and all causes of action it wishes to pursue arising out of the same transaction or occurrences. As re-pleading is recommended, the motion to dismiss count I of the counterclaim will be moot.

*Claim Splitting doctrine*

The "claim splitting doctrine" applies where a second suit has been filed before the first suit has reached a final judgment. *Zephyr Aviation III, L.L.C. v. Keytech Ltd.,* No. 8:07–CV–227–T–27TGW, 2008 WL 759095 at * 6 (M.D. Fla. Mar. 20, 2008), *citing Hartsel Springs Ranch of Colorado, Inc. v. Bluegreen Corp.*, 296 F.3d 982, 986 (10th Cir. 2002); *Adams v. California Department of Health Services*, 487 F.3d 684, 689 (9th Cir. 2007). Under the doctrine as it is followed in both Florida and federal courts, a plaintiff may not split a claim relating to the same transaction or occurrence. *See Aquatherm Industries, Inc. v. Florida Power & Light Co.,* 84 F.3d 1388, 1395 (11th Cir. 1996) (recognizing Florida law); *Robbins v. General Motors De Mexico S. DE R.L. DE CV.,* No. 5:09-cv-287-Oc-10GRJ, 2011 WL 4346575, at *2 (M.D. Fla. Sept. 16, 2011) ("Federal courts also recognize a prohibition against splitting of claims relating to the same transaction or occurrence."). As explained by the Florida Supreme Court:

> The rule against splitting causes of action makes it incumbent upon plaintiffs to raise all available claims involving the same circumstances in one action. *See Schimmel v. Aetna Casualty & Sur. Co.*, 506 So.2d 1162 (Fla. 3d DCA 1987); *Eagle-Picher Indus., Inc.* v. Cox, 481 So.2d 517 (Fla. 3d DCA 1985), *review denied*, 492 So.2d 1331 (Fla.1986). The rule against splitting causes of action is predicated on the following basic policy considerations: (1) finality in court cases promotes stability in the law; (2) multiple lawsuits arising out of a single incident are costly to litigants and an

> inefficient use of judicial resources; and (3) multiple lawsuits cause substantial delay in the final resolution of disputes. *See Stanley Builders, Inc. v. Nacron*, 238 So.2d 606 (Fla.1970); *Schimmel; Eagle-Picher*.

*Department of Agriculture and Consumer Services v. Mid-Florida Growers, Inc.*, 570 So.2d 892, 901 (Fla.1990).

As Judge Hodges recently noted, "a district court, as part of its general power to administer its docket, has the authority to stay or dismiss a suit that is duplicative of another case then pending in federal court." *Robbins, supra* (internal citations omitted). "Courts borrow the test for claim preclusion and consider whether to bar the second suit if it involves 'the same parties or their privies' and 'arises out of the same transaction or series of transactions' as the first suit." *Id.*, citing *Zephyr Aviation III, L.L.C.*, *supra*, 2008 WL 795095 at *1, n. 4 (itself citing *Cadle Co. v. Whataburger of Alice, Inc.,* 174 F.3d 599 (5th Cir. 1999).

As noted, Plaintiff does not take issue with the general statement of this doctrine, but contends that the rule does not apply when suit is brought in a court that does not have jurisdiction over all of a plaintiff's claims, citing *Aquatherm,* 84 F. 3d 1388, 1392 (11th Cir. 1996). According to Plaintiff, as it could not seek a declaratory judgment regarding the copyright claims in state court, since jurisdiction over such claims is exclusively federal under 28 U.S.C. § 1338(a), Plaintiff "was and is not required to elect between the actions," and (presumably) can proceed with both. While this exception is certainly applicable in an appropriate case, this argument is disingenuous on the instant facts. The issue here is not, as it was in *Aquatherm*, whether a decision by a court without jurisdiction over the federal claim is *res judicata* as to the federal claim. Rather, Plaintiff filed its action in federal court on the same day it filed its claim in state court. Thus, the issue is whether Plaintiff, having elected a federal forum which has jurisdiction over *all* of the claim, can nonetheless split its claim between two forums and proceed *simultaneously*. While the exclusive jurisdiction of federal court

-4-

explains why Plaintiff was required to file his copyright claims here, nothing about that jurisdiction entitles Plaintiff to split its claim and proceed in state court, too.[1]

As noted in the show cause Order, there can be no question that both suits involve the same parties and arise out of the same transactions. Plaintiff all but concedes that the suit is duplicative by noting, in its motion, that the trademark/copyright complaint is so related to the state court action that "if [Plaintiff] obtains a favorable outcome in the state court action, the related federal court action will be moot." (Doc. No. 12, at 2, n. 1.). Indeed, the trademark/copyright complaint acknowledges the state suit and alleges:

> 28. While HRC believes that it possesses rights under state law to sell the Co-Branded Apparel bearing the Disputed Ornamental Tattoo Design, HRC recognizes the possibility that the state court may find otherwise. Accordingly, HRC brings this action under federal law *as an alternative* in the event that HRC's position is not upheld by the state court.

Case No. 6:11-CV-01340-JA-DAB (Doc. No. 1, emphasis added).

It is well settled that plaintiffs "may not file duplicative complaints in order to expand their legal rights." *Curtis v. Citibank*, 226 F.3d 133, 140 (2d Cir. 2000). "Such a policy ensures that a plaintiff may not 'split up his demand and prosecute it by piecemeal, or present only a portion of the grounds upon which relief is sought, and leave the rest to be presented in a second suit, if the first fails.'" *Greene v. H & R Block Eastern Enterprises, Inc*., 727 F.Supp.2d 1363, 1367 (S.D. Fla. 2010), *citing Stark v. Starr*, 94 U.S. 477, 485, 24 L.Ed. 276 (1876). Plaintiff has tried to do just that. The Court finds Plaintiff has impermissibly split its claim, and cannot proceed with both suits.

Having determined that Plaintiff should proceed in a single suit, the Court turns to the practical details of which suit should be allowed to proceed. Plaintiff suggests proceeding in the removed state court suit (the instant action), urges remand of this action to state court, and has offered to dismiss the

---

[1] The Court rejects the implicit assertion that the fact that the state court action was filed "first" means anything here. As noted, Plaintiff filed both suits on the same day.

copyright/trademark action. This, however, would not resolve the matter, as infringement counterclaims are pending in that case and, as Plaintiff acknowledges, federal courts have exclusive jurisdiction over such claims. Thus, the Court **respectfully recommends** that the matter proceed as follows:

1. The motion for remand be **denied;**

2. The Court **consolidate** the two cases, with the trademark/copyright low numbered case being the lead case**; and**

3. Plaintiff be directed to file an Amended Complaint in the lead case, setting forth any and all causes of action it wishes to pursue arising out of the same transaction or occurrences.

4. As re-pleading is recommended, the motion to dismiss count I of the counterclaim be **denied, as moot.**

The Court further recommends that a copy of this Report be filed, if adopted, in the copyright/trademark action.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 6, 2012.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy